

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5562 | DATE | 4/9/2004 |
| CASE TITLE | ANDREA REILLY vs. EXPERIAN INFORMATION SOLUTIONS, INC | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Capital One's motion for summary judgment is granted. Case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 1 2 2004 | |
| | Notified counsel by telephone. | date docketed | 25 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREA REILLY, )
)
Plaintiff, )
)
vs. ) No. 02 C 5562
)
EXPERIAN INFORMATION )
SOLUTIONS, INC. and CAPITAL ONE )
SERVICES, INC., )
)
Defendants. )

**DOCKETED**
APR 1 2 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrea Reilly brought this action alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA). Defendant Capital One Services, Inc. (Capital One) filed a motion for summary judgment as to the sole claim against it. For the following reasons, that motion is granted.

## BACKGROUND

In July 1996, plaintiff applied for a pre-approved Capital One credit card. By December 2001, she had fallen behind on her payments and carried a balance of $5,025.76. Capital One offered her the opportunity to settle the account by making a one-time payment of $2,337.82. Plaintiff accepted the offer and in early 2002 the payment was mailed to Capital One. The settlement payment was a condition to her obtaining a 9% mortgage at that time. Plaintiff began checking her credit reports in March or April, 2002. They did not reflect the settlement. On May 28, 2002, defendant notified plaintiff in writing that it had received the money and promised that within 90 days it would notify credit reporting agencies of the settlement. The record does not indicate why it took Capital One so long to react to the

January settlement. Capital One reported the account as settled in early June, and Equifax and TransUnion both reported the account as settled that month.

On May 30, 2002, plaintiff requested a copy of her credit file from defendant Experian Information Solutions (Experian). This report showed that the Capital One account had an outstanding balance and did not reflect the settlement payment. Plaintiff then sent a dispute letter to Experian pursuant to the FCRA, questioning the accuracy of the Capital One account. On June 20, 2002, plaintiff contacted Capital One regarding the reporting of that account. On June 21, 2002, Experian replied to plaintiff's dispute letter, saying that the account was verified as reported but that it would complete a full investigation by July 20, 2002. Finally, on August 26, 2002, plaintiff received a letter confirming that the account was paid in full, through settlement, though the account was reported as "charged off" in the amount of $2,959.00.

In January 2002, plaintiff purchased a new home, receiving a mortgage loan with a 9% interest rate. She claims that this rate was higher than she would have otherwise received because of the balance on her Capital One card. That may be so, but at the time of the mortgage negotiation the account had not been settled. The settlement was part of the mortgage negotiation. In June 2002, she refinanced her home for the first time and received an interest rate of 7.5%, which she again claims was higher than she deserved. Finally, in March 2003, she received a rate of 6%. She claims that her credit problems caused her emotional distress, leading eventually to her needing a prescription for Prozac.

## DISCUSSION

The function of the court in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that

the moving party is entitled to judgment as a matter of law will the court grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

The FCRA imposes duties upon parties such as Capital One, who furnish information to consumer reporting agencies. 15 U.S.C. § 1681s-2. When a credit agency notifies a furnisher of such information that there is a dispute as to its accuracy, the furnisher must take reasonable steps to ensure the accuracy. 15 U.S.C. § 1681s-2(b); Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 925 (N.D. Ill. 2000). In this motion Capital One claims that even if plaintiff can establish that it failed to take reasonable steps, there is no evidence that such a failure caused damages.

Capital One's duties under section 1681s-2(b) arose only when it was contacted by Experian regarding the accuracy of plaintiff's credit report. Dornhecker, 99 F. Supp. 2d at 925. While she provides no evidence that Experian actually contacted Capital One regarding her account, we will assume for the purposes of this motion that it did so shortly after receiving plaintiff's dispute letter of May 30, 2002. It is undisputed that Capital One updated its report a few days later and the credit report listed the correct information as of August 26, 2002.

But even if we assume that Capital One was tardy in reporting the settlement, plaintiff's specific allegations of damages fail. While plaintiff did refinance her home during the relevant time period, receiving a 7.5% interest rate in July, 2002, she offers no evidence that this rate was affected by the balance shown on her report. By then Equifax and TransUnion were reporting the settlement. She admits that she had a history of credit problems, some of which were not resolved by this point and may have played a role in the calculation of her interest rate. Her rate was less than a point over the historical rate at that time. While she was able to reduce her rate in March 2003, plaintiff offers no evidence that

this reduction was related to defendant's actions rather than simply a result of a general reduction of interest rates, which had dropped another point by March, 2003.

Also, there is no issue of material fact as to whether plaintiff suffered damages because of emotional distress. She offers few specifics, claiming only that the stress of her credit problems led her to suffer from depression and that she was prescribed Prozac to treat this depression. These statements do not provide sufficient evidence to support her claim that she suffered damages as a result of defendant's actions. *See* Lee v. Experian Information Services, 2003 WL 22287351, *4-5 (N.D. Ill.). Even if specific harm was caused by plaintiff's credit problems, no reasonable jury could infer that these were proximately caused by defendant, as opposed to plaintiff's long credit history. In fact, plaintiff admitted at her deposition that she was prescribed Prozac long before the events at issue here and actually *stopped* taking the drug sometime during the summer of 2002.

Finally, statutory damages are not available to the plaintiff. Such an award would require a finding of willful noncompliance with the statutory obligations. Lee, 2003 WL 22287351 at *7-8. There are no facts in the record indicating that defendant intentionally concealed or misrepresented facts or that it systematically deprived consumers of their rights. *See id.*

## CONCLUSION

For the foregoing reasons, defendant Capital One's motion for summary judgment is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 9, 2004.